JUDGE CAPRONI



15-15/MEU
FREEHILL HOGAN & MAHAR LLP
Attorneys for Petitioner
Asia Maritime Pacific Ltd
80 Pine Street
New York, NY  10005
Tel.: (212) 425-1900
Fax: (212) 425-1901
Michael E. Unger
Email: unger@freehill.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

IN RE THE PETITION OF ASIA MARITIME
PACIFIC LTD

REQUEST FOR DISCOVERY PURSUANT TO 28
U.S.C. § 1782

------------------------------------------------------------------x

15 Misc. _____

## PETITION FOR AN ORDER ALLOWING
## DISCOVERY PURSUANT TO 28 U.S.C. § 1782

Asia Maritime Pacific Ltd (hereinafter "Petitioner"), by and through its undersigned counsel, applies for an Order pursuant to 28 U.S.C. § 1782 to obtain discovery by way of subpoenas requiring the production of relevant documents in the possession, custody, and/or control of certain banks and investment companies located within the Southern District of New York (hereinafter collectively referred to as "New York Banks"), for use in pending foreign proceedings and for purposes of locating assets of Arma Shipping & Chartering Co. (hereinafter "Arma"), which has failed to pay to Petitioner certain sums due, which are the subject of a pending London arbitration proceeding, as further set out in the accompanying Declaration of Su Yin Anand and the Memorandum of Law submitted with this Petition.

1. Jurisdiction is proper pursuant to 28 U.S.C. § 1782 as this application is for discovery involving documents located within the Southern District of New York, which are necessary to assist Petitioner in pending foreign proceedings.

2. At all times material herein, Petitioner is and was a foreign business entity organized under the laws of a foreign state with an address at Hong Kong.

3. Venue in the Southern District of New York is appropriate pursuant to 28 U.S.C. § 1782 because the requested discovery will be sought from business entities present within this judicial district, along with the documents being present in this jurisdiction.

## FACTUAL BACKGROUND

4. On or about June 24, 2014, Petitioner, as disponent owner of the M.V. LONDON SPIRIT, entered into a maritime charterparty contract with Arma, whereby Petitioner agreed to let, and Arma agreed to hire, the M.V. LONDON SPIRIT for twelve (12) months plus or minus one (1) month in Arma's option. (*See* Exhibit A, copy of Declaration of Su Yin Anand in Support of Petition at ¶¶ 4 and 6 and Ex. 1 thereto).

5. The charterparty is governed by English law and provides that any disputes arising between Petitioner and Arma be referred to London arbitration. (*Id.* at ¶ 5 and Ex. 1).

6. Petitioner duly delivered the M.V. LONDON SPIRIT into Arma's service and performed all its obligations in accordance with the terms of the charterparty. (*Id.* at ¶ 7).

7. Due to no fault of Petitioner, Arma has refused or otherwise failed to pay certain sums to Petitioner, including, but not limited to, the first or second installments of hire due under the charterparty. (*Id.* at ¶ 8).

8. Petitioner issued two Notices of Lien to Arma, Horizon Overseas SA c/o Atlantic Shipping Athens as sub-charterers of the vessel "London Spirit" (hereinafter "Atlantic

Shipping") and Safe Express Shipping Co., Ltd. as sub-sub-charterers (hereinafter "Safe Express"), in respect of the unpaid first and second installments of hire due Petitioner, on August 1, 2014. (*Id.* at ¶ 9).

9. The Notices exercised a lien over all cargoes and sub-freights, hire, demurrage and/or detention for any amounts due Petitioner, directed the recipients to confirm the amount of freight, hire, demurrage, and/or detention due, and requested that the recipients arrange payment of sums due directly to Petitioner. Both Notices were ignored. (*Id.* at ¶ 9).

10. On August 5, 2014, Petitioner issued an anti-technicality notice to Arma and granted a further forty-eight (48) hour grace period to Arma pursuant to the charterparty's terms. (*Id.* at ¶ 11).

11. Arma gave no indication that payment was forthcoming, and, on August 10, 2014, Petitioner withdrew the M.V. LONDON SPIRIT. (*Id.* at ¶ 12).

12. At the time of withdrawal, the M.V. LONDON SPIRIT was in the process of loading cargo at Lianyungang, China, and 5,000MT of cargo had already been loaded. Petitioner was thus obliged to carry the cargo to destination in Italy, even though it was receiving no hire payments from Arma. (*Id.* at ¶ 13).

13. The bills of lading issued in connection with the cargo were not printed on authorized forms and were erroneously issued to reflect that the cargo was loaded under a "clean" rather than a "claused" bill of lading, which would otherwise have reflected the true condition of the cargo, thereby exposing Petitioner to potential cargo claims in Italy. The referenced bills of lading were issued to the order of "Banca Popolare Di Milano S.C.A.R.L." as the named Consignee, which issued a letter of credit in connection with the cargo. (*Id.* at ¶ 14).

14. Since withdrawing the vessel, Petitioner has sent further demands for payment to Arma, none of which have been met. (*Id.* at ¶ 15).

15. Consequently, on December 16, 2014, Petitioner commenced arbitration in London as provided for in the charterparty. (*Id.* at ¶ 16 and Ex. 2 thereto).

16. On March 3, 2015, Petitioners sent a Notice to Arma as required by Section 17 of the English Arbitration Act 1996, demanding that Arma appoint an arbitrator pursuant to the charterparty and informing Arma that, if it failed to do so, Petitioner would appoint Mr. David Farrington as the sole arbitrator after seven days elapsed (*i.e.*, by March 11, 2015). (*Id.* at ¶ 17 and Ex. 4 thereto).

17. Petitioners received no response from Arma as of March 11, 2015, and, on March 12, 2015, Petitioners duly appointed Mr. Farrington as the sole arbitrator. (*Id.* at ¶¶ 18, 19 and Ex. 4 thereto).

18. Petitioner also intends to commence actions to seek security through attachment actions in support of the arbitration proceedings in England, Turkey, and wherever else assets of Arma may be located. (*Id.* at ¶ 20).

19. Turkish law provides a mechanism for the pre-judgment attachment of assets, which would allow Petitioner to secure its claim against Arma. (*Id.* at ¶ 21).

20. The proceedings in London and elsewhere are currently pending or are within reasonable contemplation, as required by 28 U.S.C. § 1782(a). (*Id.* at ¶¶ 16-20 and Exs. 2, 4 thereto).

21. As is established in the accompanying materials, the New York Banks are believed to possess documents relevant to the foreign attachment and enforcement proceedings, including, among other things, payment orders, instructions, and wire transfers, accounts

statements, contracts, obligations, loan agreements, letters of credit, or other financing arrangements. Such information will be used to identify, in particular, the location of bank accounts and other assets, the names of vessels on charter by Arma for which it is or was paying hire or freight, the purchase of bunkers on board such chartered vessels, and the identity of counterparties receiving and/or making payments on Arma's behalf.

22. Such information will be used in order to identify assets to attach as security in support of the foreign proceedings to enforce the expected arbitration award and to enforce a contemplated English High Court Judgment. (*Id.* at ¶¶ 20-24).

23. Petitioner also intends to use the discovery sought in this action in support of claims on the merits as against those parties to whom notices of lien were given under the charterparty chain, but not heeded, *i.e.*, Atlantic Shipping and Safe Express, and to support a possible indemnity claim against Arma on any potential exposure to cargo interest in Italy. (*Id.* at ¶ 23)

### REQUEST FOR RELIEF

24. Petitioner requests that the Court provide discovery assistance with respect to the non-U.S. pending arbitration and contemplated enforcement proceedings.

25. Petitioner requests that the New York Banks, which are present in the Southern District of New York, be directed to provide the discovery described below in support of the non-U.S. arbitration, attachment, and enforcement proceedings.

26. As set forth in more detail in Petitioner's Memorandum of Law in Support of Petition for an Order Under 28 U.S.C. § 1782, assistance is appropriate here because: (i) the New York Banks from which discovery is sought reside in or are found in this District; (ii) Petitioner is an "interested person" within the meaning of 28 U.S.C. § 1782 (as a party to the

non-U.S. arbitration proceedings); and (iii) the non-U.S. proceedings are pending or are reasonably contemplated to be commenced before a "foreign or international tribunal," and the information obtained pursuant to this Petition will be used in support of and introduced in the foreign proceedings.

WHEREFORE, pursuant to 28 U.S.C. § 1782, Petitioner respectfully requests this Court enter an Order:

i. authorizing Petitioner to conduct limited discovery pursuant to 28 U.S.C. § 1782 and the Federal Rules of Civil Procedure regarding wire transfer and other financial documents, materials, and information concerning Arma held by persons and/or entities, including the New York Banks, within the jurisdiction of this Court and as set forth in the Proposed Order;

ii. directing the New York Banks to comply with any discovery authorized by this Court's Order in accordance with the Federal Rules of Civil Procedure and the Rules of this Court;

iii. appointing the undersigned counsel to issue appropriate subpoenas to obtain the discovery authorized by this Court's Order;

iv. providing that this Court shall retain jurisdiction over this matter as is necessary to enforce the terms of any discovery authorized by this Court's Order; and

v. granting the Petitioner such other and further relief as the Court deems just, equitable, and proper.

Dated: New York, New York

April 9, 2015

                      FREEHILL HOGAN & MAHAR LLP
                      Attorneys for Petitioner
                      Asia Maritime Pacific Ltd

By: _____
                      Michael E. Unger
                      80 Pine Street
                      New York, New York 10005
                      Tel.: (212) 425-1900
                      Fax: (212) 425-1901
                      Email: unger@freehill.com