USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __8/26/2015__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
                                                           :

IN RE: THE PETITION OF ASIA MARITIME    :     15-CV-2760 (VEC)
PACIFIC LTD. request for discovery pursuant to  :
28 U.S.C. § 1782                                       :      OPINION AND ORDER
                                                          :
------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

       Asia Maritime Pacific, Ltd. ("Petitioner"), an entity organized under the laws of Hong Kong, petitioned *ex parte,* pursuant to 28 U.S.C. § 1782, to obtain discovery from various banks and investment companies "for use in pending foreign proceedings and for purposes of locating assets of Arma Shipping & Chartering Co." ("Arma"). Pet. at 1. Arma is alleged to be "a trading company with no significant hard assets held in its name." Su Decl. ¶ 21. Arma failed to appear in a London arbitration that was commenced by Petitioner seeking damages flowing from Arma's alleged breach of a maritime charterparty agreement. *Id*. ¶¶ 16-17.

       Petitioner provided no basis to believe that Arma has ever engaged in a financial transaction with any particular bank in New York, but the proposed order would permit it to serve subpoenas on sixteen very large banks that have branches in New York City.[1] The proposed order casts a wide net, directing the banks to produce, essentially, any document that relates to any financial transaction involving Arma in which the bank was the "originator, intermediary or beneficiary bank," as well as "detailed account statements," and the identity of

---

[1] Petitioner requested that the Court enter an order directed to HSH Nordbank AG, Deutsche Bank AG, Deutsche Bank Trust Company Americas, Commerzbank AG, UniCredit Bank AG, ING Hank/Internationale Nederlanden Bank (Belgium), ABN Amro Bank, American Express Bank, Bank of America NA, BNP Paribas, Citibank NA, HSBC Bank (USA) NA, JP Morgan Chase & Co., Standard Chartered Bank, Bank of New York Mellon, and Wells Fargo Bank.

persons with authority over any Arma account at the bank, from January 1, 2014, until the date of the proposed order.

Petitioner apparently believes that if enough large banks search their electronically-stored information, the identity and location of assets belonging to Arma are bound to surface. The Court declines to lend its subpoena power to this fishing expedition. The petition is DENIED.

## BACKGROUND[2]

On June 24, 2014, Petitioner and Arma entered into a time charter with regard to the M.V. London Spirit. Dkt. 3 at 11 ("Su. Decl.") ¶¶ 4, 6. Arma allegedly breached the charterparty when it failed to tender the first two installment payments that were due. *Id.* ¶ 8. On August 1, 2014, Petitioner issued two notices of lien (one for each overdue installment payment) directed to Arma, a sub-charter (Horizons Overseas SA c/o Atlantic Shipping Athens ("Atlantic Shipping")), and a sub-sub-charterer (Safe Express Shipping Co., Ltd. ("Safe Express")), notifying each party that Petitioner was asserting its right to exercise a lien over "all cargoes and sub-freights, hire, demurrage and/or detention for any amounts due" Petitioner and requesting that the recipients make arrangements to pay Petitioner. *Id.* ¶ 9. None of the parties heeded either notice. *Id.* On August 10, 2014, Petitioner exercised its right to withdraw the vessel in Lianyungang, China. *Id.* ¶ 12. The vessel was loaded with cargo destined for Italy, which Petitioner was obligated to deliver. *Id.* ¶ 13.

On December 16, 2014, as provided in the charterparty agreement, Petitioner commenced an arbitration proceeding in London. *Id.* ¶ 16. When Arma did not respond to the arbitration notice, on March 11, 2015, Petitioner appointed the sole arbitrator. Pet. ¶¶ 4, 5, 11, 15-17.[3]

---

[2]   The facts are taken from the Petitioner's submissions.

[3]   In the arbitration, Petitioner is seeking damages for breach of the charterparty agreement and to recover the cost of delivering the cargo from China to Italy. Pet. ¶ 12.

About a month later, Petitioner commenced this proceeding hoping to identify and locate Arma's assets. *Id.* ¶¶ 21-22. Based on the discovery that it hopes to obtain pursuant to § 1782, Petitioner contemplates "commenc[ing] actions to seek security through attachment actions in support of the arbitration proceedings in England, Turkey, and wherever else assets of Arma may be located." *Id.* ¶ 18. Petitioner avers that Turkish law allows pre-judgment attachment of assets. Su Decl. ¶ 21.

Petitioner seeks discovery from banks located in the Southern District "to identify, in particular, the location of bank accounts and other assets, the names of vessels on charter for which [Arma] is or was paying hire or freight, the purchase of bunkers on board such chartered vessels, and the identity of counterparties receiving and/or making payments on Arma's behalf." Pet. ¶ 21. This information, it asserts, will be used (1) "to identify assets to attach as security in support of the foreign proceedings to enforce the expected arbitration award and to enforce a contemplated English High Court Judgment," *id.* ¶ 22; (2) in support of claims on the merits against Atlantic Shipping and Safe Express, to whom unheeded notices of lien were provided, *id.* ¶ 23;[4] and (3) to support a possible indemnity claim against Arma if Petitioner incurs any liability in connection with its delivery of the cargo to Italy, *id.*

---

[4]  The Su Declaration states that "[d]iscovery of banking information in the United States in relation to Atlantic Shipping and Safe Express will be used in order to both identify assets of Arma which are subject to attachment . . . and to illuminate the financial relationships between Arma, Atlantic Shipping, and Safe Express in support of claims on the merits against Atlantic Shipping and Safe Express." Su Decl. ¶ 10. The Petition, however, does not request discovery "in relation to" Atlantic Shipping and Safe Express, but "discovery . . . regarding . . . information concerning Arma." Pet. ¶ 26(i). Despite the statement in the Su Declaration that Petitioner seeks discovery for claims on the merits against Atlantic Shipping and Safe Express, the Petition only requests discovery related to Arma, which may prove tangentially useful in pursuing potential claims against Atlantic Shipping and Safe Express.

## I.  LEGAL STANDARD

Pursuant to 28 U.S.C. § 1782, a district court may provide for discovery "for use" in a "proceeding in a foreign or international tribunal" on the application of any "interested person."[5] "In ruling on an application made pursuant to section 1782, a district court must first consider the statutory requirements and then use its discretion balancing a number of factors." *Brandi-Dohrn v. IKB Deutsche Industriebank AG*, 673 F.3d 76, 80 (2d Cir. 2012).  The three statutory requirements are that:

> (1) the person from whom discovery is sought resides (or is found) in the district of the district court to which the application is made,
>
> (2) the discovery is for use in a foreign proceeding before a foreign tribunal, and
>
> (3) the application is made by a foreign or international tribunal or any interested person.

*Id.*

"Once those statutory requirements are met, a district court may grant discovery under § 1782 in its discretion." *Mees v. Buiter*, --- F.3d ---, No. 14-1866cv, 2015 WL 4385296, at *4 (2d Cir. July 17, 2015).  The Court's discretion, however, "must be exercised 'in light of the twin aims of the statute: providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts." *Id.* (quoting *Schmitz v. Bernstein Leibhard & Lifshitz, LLP*,

---

[5]  Specifically, the statute provides:

> The district court of the district in which a person resides or is found may order him to . . . produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person. . . .  To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

28 U.S.C. § 1782(a).

376 F.3d 79, 83-84 (2d Cir. 2004)).  In *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264 (2004), the Supreme Court identified four additional discretionary "factors that bear consideration in ruling on a § 1782(a) request": (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding," in which case "the need for a § 1782(a) aid generally is not apparent"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is "unduly intrusive or burdensome."

## II.  DISCUSSION

Petitioner has failed to establish that the discovery it seeks is "for use in a foreign proceeding" within the meaning of the statute.  But even if Petitioner had satisfied the requirements of § 1782 so that the Court had the authority to grant the request, the Court would exercise its discretion to deny the petition because this is an overly broad fishing expedition that does nothing to further the twin aims of the statute.  Far from being an efficient means of assistance to participants in international litigation, the subpoenas would direct sixteen large banks to conduct broad searches for information when the Petitioner has provided *no* basis to believe that Arma ever transacted business through any particular bank.  That is too great a burden to impose on non-parties, particularly on an *ex parte* basis.  The Court seriously doubts that this is the example Congress intended to set by authorizing discovery pursuant to § 1782.[6]

---

[6] The Southern District of New York has attracted a number of similar *ex parte* requests in which the petitioners are purporting to locate financial information allegedly "for use" in a foreign proceeding but are in reality seeking discovery to determine whether to initiate a proceeding.  *See, e.g.*, *In re Harbour Victoria Inv. Holdings Ltd. Section 1782 Petitions*, No. 15-MC-127(AJN), 2015 WL 4040420, at *5 (S.D.N.Y. June 29, 2015) (denying § 1782 request on discretionary grounds because it was "an attempt to evade an unfavorable discovery ruling by another Judge of this Court or to engage in a fishing expedition to identify other foreign venues in which to bring suit"); *Jiangsu Steamship Co., Ltd. v. Success Superior Ltd.*, No. 14-CV-9997(CM), 2015 WL 3439220, at *5 (S.D.N.Y.

*See In re Application for an Order Permitting Metallgesellschaft AG to take Discovery*, 121 F.3d 77, 79-80 (2d Cir. 1997).

Petitioner satisfies the first and third requirements of the statute because it is an "interested person" who "possess[es] a reasonable interest in obtaining [judicial] assistance," *Intel*, 542 U.S. at 256, and the targets of the requested subpoenas are located in this District. The problem is that the request is not for documents "for use" in a "proceeding before a foreign or international tribunal."

"Proceedings in a foreign or international tribunal" include adjudicative proceedings before foreign courts, administrative and quasi-judicial proceedings, and foreign criminal investigations. *See In re Application for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings*, 773 F.3d 456, 460-61 (2d Cir. 2014); *Intel*, 542 U.S. at 258. The "foreign proceeding need not be pending, so long as it is 'within reasonable contemplation.'" *Mees*, 2015 WL 4385296, at *5 (quoting *Intel*, 542 U.S. at 259)). A petitioner satisfies § 1782 by showing that the materials sought will be used at some stage of a foreign proceeding that is "within reasonable contemplation at the time" of the § 1782 petition. *Id.*; *see also Intel*, 542 U.S. at 258-59 ("It is not necessary for the adjudicative proceeding to be pending

---

Jan. 6, 2015) (denying a substantially identical § 1782 application made before an arbitration judgment had been entered was "unreasonably premature" and noting the possibility that the petitioner was "trolling for assets in U.S. institutions in order to decide whether it [was] worth [its] while to commence a London arbitration in the first place"); *In re Petition of Certain Funds, Accounts, and/or Inv. Vehicles Managed by Affiliates of Fortress Inv. Grp. LLC*, No. 14-CV-1801(NRB), 2014 WL 3404955, at *6 (S.D.N.Y. July 9, 2014), *aff'd*, --- F.3d ---, No. 14-2838cv, 2015 WL 4939544 (2d Cir. Aug. 20, 2015) (denying request because foreign proceedings not within "reasonable contemplation" and advising that "Courts must embrace Congress's desire that broad discovery be available for parties involved in international litigation while also guarding against the potential that parties may use § 1782 to investigate whether litigation is possible in the first place, putting the cart before the horse."); *but cf. In re Application of Hornbeam Corp.*, No. 14-MC-424(VSB), 2014 WL 8775453 (S.D.N.Y. Dec. 24, 2014) (granting application directed to twelve banks that, in the petitioner's estimation, were the banks "most likely" to have "serve[d] as intermediaries for wire transfers of funds," when petitioner was seeking discovery to support its potential claim that certain individuals exercised control over the entities that were the subject of the discovery, and noting that counsel had "represented that the New York Banks routinely receive and comply with similar subpoenas issued pursuant to 28 U.S.C. § 1782").

at the time the evidence is sought, but only that the evidence is eventually to be used in such a proceeding." (alterations omitted)). Assistance under § 1782 is available even if the material will be used at a stage of the foreign proceeding at which discovery would ordinarily not be available in domestic litigation. *Mees*, 2015 WL 4385296, at *6.

Despite the diverse circumstances under which the Court is authorized to grant discovery "for use in a proceeding in a foreign or international tribunal," the Second Circuit has made clear that the requirements of § 1782 are not satisfied by the requesting party reciting some minimal relation to a pending foreign proceeding. *See Certain Funds, Accounts and/or Investment Vehicles Managed by Affiliates of Fortress Investment Grp. L.L.C. v. KPMG L.L.P.*, --- F.3d ---, No. 14-2838cv, 2015 WL 4939544, at *4-7 (2d Cir. Aug. 20, 2015) (petition insufficient because it failed to establish that the petitioners would be able to use the evidence obtained inasmuch as they had no procedural ability to submit evidence to the foreign tribunal). An applicant must show that the evidence will provide it some advantage in the foreign proceeding or be useful in the proceeding. *Id.* at *5 (citing *Mees*, 2015 WL 4385296, at *4). Put differently, discovery is "for use" in a foreign proceeding if it is relevant to the subject matter of the proceeding, *id.* at *6, and the evidence would "increase [the applicant's] chances of success" in the proceeding, *Mees*, 2015 WL 4385296, at *4; *see also id.* at *5 ("seeking discovery to prove one's claim" in a pending proceeding "satisfies the 'for use' requirement").[7]

Petitioner cites one pending "proceeding" – the London arbitration – and four "contemplated" proceedings to which the requested discovery could relate: (1) a prejudgment attachment action in Turkey to obtain security for the anticipated London arbitral award

---

[7] A "request that appears only marginally relevant to the foreign proceeding may in certain cases suggest that the application 'is made in bad faith, for the purpose of harassment, or unreasonably seeks cumulative or irrelevant materials,' [cit.] which would be grounds for a discretionary denial of discovery." *Mees*, 2015 WL 4385296, at *4 n.10.

(conditioned, of course, on Petitioner's ability to locate assets in Turkey); (2) enforcement proceedings in unspecified tribunals (presumably wherever the § 1782 discovery reveals Arma has assets) to enforce the anticipated London arbitral award; (3) actions in unspecified tribunals asserting claims against the sub- and sub-sub-charterers that did not heed the Notices of Liens; and (4) an indemnity action against Arma if Petitioner incurs "cargo interest" in connection with the cargo delivered to Italy (which would presumably be an arbitration proceeding in England pursuant to the charterparty arbitration clause). *See* Pet. ¶¶ 18, 20, 22-23.  Fatal to this petition, Petitioner has failed to show that the materials sought will be of any use in the pending London arbitration (in which Arma appears to have defaulted) or that the remaining proceedings are "reasonably contemplated" within the meaning of § 1782.

Petitioner claims that the discovery will be "for use" in aid of the London arbitration proceeding because the information will be used to identify assets to attach as security for the arbitrated claims, against which Petitioner will later act in order to satisfy the arbitral award that it does not yet have, but expects to obtain, against Arma.  Pet'r Mem. at 4.  Revealingly, Petitioner does not argue that the requested material could be used in the London arbitration to some advantage or "used to increase its chance of success" in the arbitration.  Rather, Petitioner seeks the discovery for use in potential collateral proceedings before different tribunals to "*support* [its] claims against Arma in the pending London arbitration."  *Id.* (emphasis added). Assuming, *arguendo*, that a private foreign arbitration proceeding is a "proceeding in a foreign tribunal,"[8] Petitioner has not established that the discovery sought is for use in *that* proceeding.

---

[8] The Second Circuit's pre-*Intel* precedent excluded private foreign arbitrations from the scope of qualifying § 1782 proceedings.  *See Nat'l Broad Co. v. Bear Stearns & Co.*, 165 F.3d 184, 190 (2d Cir. 1999).  That precedent was called into question by dictum in *Intel* that parenthetically quoted a law review article that included arbitration proceedings in an illustrative list of "tribunals."  *See Intel* 524 U.S. at 258; *In re Dubey*, 949 F. Supp. 2d 990, 993-94 (C.D. Cal. 2013) (listing cases that discuss whether foreign arbitration proceedings are within the scope of § 1782). Following *Intel*, it is unclear whether private foreign arbitration proceedings qualify for § 1782 discovery.  *See Application of Consorcio Ecuatoriano de Telecomunicaciones S.A. v. JAS Forwarding (USA), Inc.*, 747 F.3d 1262,

Inasmuch as the arbitration proceeding is for Arma's failure to pay the amounts due under the charter, it is not intuitively obvious why (nor has Petitioner explained why) the location of Arma's assets would be relevant or would increase Petitioner's chance of success in that proceeding.

Petitioner has also failed to establish that the evidence sought would be used in a *reasonably* contemplated proceeding in a foreign tribunal. To establish that planned proceedings are within "reasonable contemplation," "the applicant must have more than a subjective intent to undertake some legal action, and instead must provide some objective indicium that the action is being contemplated" at the time the § 1782 petition is filed. *Certain Funds*, 2015 WL 4939544, at *8. The proceedings "cannot be merely speculative," and the burden is not satisfied because the petitioner has retained counsel and is discussing the possibility of initiating litigation. *Id.* "At a minimum, a § 1782 applicant must present the district court some concrete basis from which it can determine that the contemplated proceeding is more than just a twinkle in counsel's eye." *Id.*

Even if collateral pre- and post-judgment attachment proceedings are "proceedings in a foreign tribunal" within the meaning of § 1782,[9] the contemplated proceedings here are purely speculative. Petitioner was unable to locate Arma's assets through other means prior to making the present application. Its representation that Arma has "no significant hard assets held in its name," Su Decl. ¶ 21, demonstrates that attachment proceedings cannot be commenced unless

---

1270 n.4 (11th Cir. 2014) (recognizing that *Intel* called into question the Second and Fifth Circuits' precedent excluding private foreign arbitration from § 1782 discovery, but not reaching that issue). The Second Circuit has not weighed in on the issue. *See Chevron Corp. v. Berlinger*, 629 F.3d 297, 310-11 (2d Cir. 2011) (declining to reach the appellant's argument that an arbitral tribunal established by international treaty is not a "foreign or international tribunal" within the meaning of § 1782).

[9]   *See Jiangsu Steamship Co., Ltd.*, 2015 WL 518567, at *2 (pre- and post-judgment attachment proceedings are not within the scope of § 1782 because they are not adjudicative in nature).

discovery reveals that Arma has assets against which Petitioner may proceed.  In sum, Petitioner does not "contemplate" bringing collateral pre- or post-judgment attachment proceedings so much as it hopes to discover assets against which it can bring a pre- or post-judgment attachment proceedings.

The "contemplated" actions against Atlantic Shipping and Safe Express are similarly speculative.  The fact that Petitioner is contemplating "the *possibility* of initiating litigation" falls far short of an "objective showing" that the proceedings are within "reasonable contemplation."  Moreover, there is no indication where Petitioner would bring such claims or that the forum would be "a foreign or international tribunal."  Finally, Petitioner's hypothetical indemnity action arising out of liability that may or may not have been incurred when delivering cargo to Italy is nothing more than pure speculation.

## CONCLUSION

Petitioner's request for discovery pursuant to 28 U.S.C. § 1782 is DENIED.  The Clerk of Court is requested to terminate this action.

**SO ORDERED.**

**Date:  August 26, 2015**
**New York, New York**

**VALERIE CAPRONI**
**United States District Judge**